## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| AMERITAS LIFE INSURANCE,<br><br>     Plaintiff,<br><br>v.<br><br>DELAWARE VALLEY FINANCIAL GROUP,<br>INC., THOMAS A. SCHIRMER, and MARC H.<br>SMITH,<br><br>     Defendants. | No. 1:12-cv-547 |

### ORDER

**AND NOW**, upon consideration of the Motion to Enforce the parties' Settlement Agreement (the "Motion") brought by the Defendants in this action, and any response thereto by the Plaintiff; and after due notice and an opportunity for all interested parties to be heard, it is hereby

**ORDERED** that the Motion is Granted, and that this Court does declare that, at the settlement conference that took place on January 7, 2013, the parties mutually agreed to, and are bound by, a settlement agreement (the "Agreement") having the terms set forth below:

1. **Settlement Amount.** DVFG shall pay the sum of $604,000.00 (the "Settlement Amount") to Ameritas. The Settlement Amount shall be paid in 85 monthly installments due on the 15th day of each month commencing March 15, 2013 and continuing for 84 consecutive months thereafter. The first payment shall be in the amount of $100,000.00, and each subsequent payment shall be in the amount of $6,000.

2. **Release by DVFG.** DVFG, for themselves, their agents, representatives, attorneys, successors, and assigns, releases, acquits, and forever discharges Ameritas and its past and present parent companies, subsidiaries, affiliates, predecessors, successors, shareholders,

officers, directors, employees, agents, representatives, attorneys, successors, and assigns from any and all claims, rights, demands, debts, liabilities, controversies, or causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever from the beginning of time to the date hereof except for a violation by Ameritas of any of its obligations under the Agreement.

      3.     **Release by Ameritas**.  On the condition that DVFG pays the first monthly installment under Section 1 of Agreement, Ameritas, for itself, its past and present parent companies, subsidiaries, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, representatives, attorneys, successors and assigns, releases, acquits, and forever discharges DVFG, its past and present parent companies, subsidiaries, affiliates, predecessors, shareholders, officers, directors, employees, agents,  attorneys, their representatives, heirs, successors, and assigns, from any and all claims, rights, demands, debts, liabilities, controversies, or causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever from the beginning of time to the date hereof.

      4.     **Pocket Judgment**.  Commensurate with execution of Agreement, the parties shall execute an agreed judgment ("Pocket Judgment"), to be held by Ameritas in abeyance to be released and filed only in the following circumstance:

              a.   If Defendants shall fail to pay an installment due under paragraph 1 (a "Default"); and

              b.   If Plaintiff provides Defendants and their counsel with ten (10) business days written notice ("Notice Period") of the Default and notice that

Defendants can cure the Default by making the missed payment(s) within the Notice Period; and

c. If Plaintiffs do not make the missed payment(s) with the Notice Period; and

d. Counsel for Plaintiff files the Certification of Counsel attached hereto as Exhibit #1, certifying the above facts, the sending of notice to Defendants, and the calculation of the "Amount Due", which is, for the purpose of this Agreement, defined to be Six Hundred and Four Thousand Dollars ($604,000.00) net of all amounts paid by Defendants to Plaintiff pursuant to paragraph 1 hereof,

Then, in that event, the Court shall award judgment in the Lawsuit in favor of Plaintiff jointly and severally against Defendants in the amount of the Amount Due.

5. **DVFG Producers**. This Agreement in no way extinguishes Ameritas' or DVFG's right to pursue any and all remedies against any present or former Ameritas producer, other than Schirmer and/or Smith, which was formerly associated with DVFG for any debt arising under any contract between Ameritas or DVFG and such Producer.

6. **Confidentiality**. The parties agree that their attorneys and agents will not, at any time, directly or indirectly, except as expressly authorized in writing by the other party, publicize, divulge, or disclose to any person, entity, or media representative the amount or terms of Agreement, except the terms of Agreement may be disclosed to any governmental authorities to whom disclosure is required by law, and to one's legal and financial advisor and accountant to the extent necessary to receive professional advice, and then only if such persons are made aware of and agree to be bound by this confidentiality provision. Should any party be required to

3

release this information in response to a valid discovery order of a court of competent jurisdiction, such party shall give the other reasonable advance written notice of any such release.

       7.    **No Admission**. It is understood that Agreement constitutes a settlement of disputed claims in order to avoid further trouble, litigation, and expense, and that nothing herein shall constitute or imply an admission of liability of any kind or character, which such liability is expressly denied by all parties.

       8.    **Non-Disparagement**. As a material inducement to enter into this Agreement, at all times hereafter, each Party agrees not to speak about or make written reference to the other Party or their respective Subsidiaries, officers, members, shareholders, managers, directors, agents, successors or assigns in any way which disparages or injures any such other Party's name or reputation within the business community or to the public at large for a period of seven (7) years from the date hereof; provided that the foregoing covenant shall not affect or prevent or be violated by any disclosure required to be made pursuant to an order, subpoena or legal process and any disclosure made to accountants, legal counsel, and other professional advisors to any of the Parties.

       It is further **ORDERED** that, as compensatory damages for Plaintiff's breaches of this Agreement, as set forth in the Motion, Defendants will be issued a judgment in the amount of the attorneys' fees incurred in the preparation and argument of the Motion, an accounting of the same to be submitted to the Court for its approval with notice to Plaintiff's counsel within fourteen days of the date of this Order. Plaintiff shall have ___21___ days to object to the submission by Defendants' counsel.

4

**SO ORDERED**,

Timothy S. Black  4/15/13
UNITED STATES DISTRICT JUDGE